**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN GIBSON                                                                                                          PLAINTIFF
ADC #500393

v.                                               5:18cv00103-DPM-JJV

NICHOLAS D. SWINEY,
Sergeant, Cummins Unit; *et al.*                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

John Gibson ("Plaintiff") is incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges his property was stolen from him.  (*Id*. at 4.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff alleges Defendant Nicholas D. Swiney, a sergeant, placed Plaintiff's property in the hallway outside his barracks while Plaintiff was in a holding cell. (Doc. No. 2 at 4, 8.) The property, which included assorted clothing items and a Bible, was stolen while a large group of inmates was in the hallway. (*Id*. at 4.) Plaintiff contends Defendant Swiney acted unprofessionally in leaving his property in the hallway unattended. (*Id*.) Plaintiff further alleges Defendant April Gibson, Grievance Officer, told him she would speak with Defendant Straughn, the Warden, and ensure Plaintiff's property was replaced, "but that never happened." (*Id*. at 5.) Plaintiff asks to be paid back for his stolen property and to be compensated for his pain and suffering. (*Id*.)

I am sympathetic to Plaintiff's claim that his property was stolen, but his claim is not cognizable under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege facts sufficient to show (1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). Plaintiff's allegations do not establish the second required element. Generally, even

gross negligence is not actionable under § 1983. *Sellers by and through Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994). And the Due Process Clause is not implicated by "a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). Such negligent acts would include the "mislaying [of] an inmate's property." *Id*. at 332. Plaintiff has not alleged Defendants' actions constituted anything more than negligence; he refers to Defendant Swiney's conduct as a "mistake." (Doc. No. 2 at 6.) "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" *Daniels*, 474 U.S. at 333 (quoting *Parratt v. Taylor*, 451 U.S. 527, 548 (1981) (Powell, J., concurring in result)) (emphasis in *Daniels*).

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.   Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

     3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of April, 2018.

                                                    _____
                                                  JOE J. VOLPE
                                                  UNITED STATES MAGISTRATE JUDGE